# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DANIEL LATTA.,

      Plaintiff,

  v.

ANTONIOS BOULES,

      Defendant.

No. 1:23-cv-01200

**ORDER**

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court on Plaintiff Daniel Latta's ("Plaintiff") unopposed Motion for Entry of Judgment by Default Against Defendant Antonio Boules ("Defendant") (ECF No. 6); and

    **WHEREAS**, Plaintiff's Complaint asserts claims against Defendant for (1) common law fraud, (2) breach of contract, (3) unjust enrichment, (4) misappropriation, and (5) consumer fraud under the New Jersey Home Improvement Contractors Act, N.J. STAT ANN. § 56:8-14.3 (West 2023) ("Consumer Fraud") (Compl. ECF No. 1, ¶¶ 94–119); and

    **WHEREAS**, Defendant has failed to respond to the Complaint (Gregory Lomax Aff., ECF No. 6-1, ¶ 6); and

    **WHEREAS**, on May 2, 2023, pursuant to Rule 55(a), Plaintiff filed an application for entry of default against Defendant (ECF No. 4); and

    **WHEREAS**, the Clerk entered default against Defendant on May 4, 2023; and

    **WHEREAS**, once the Clerk has entered a default, Rule 55(b)(2) empowers the Court, upon a Plaintiff's motion, to enter a default judgment against a defendant that has failed to plead or

otherwise defend against a claim for affirmative relief, FED. R. CIV. PRO. 55(b)(2); and

**WHEREAS**, the determination of whether to enter "such a judgment is left primarily to the discretion of the district court," *DirecTV, Inc. v. Asher*, No. 03-01969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Hritz v. Woma, 732 F.2d 1178, 1180 (3d Cir. 1984)); and

**WHEREAS**, in the context of a motion for default judgment, "[a] defendant is deemed to have admitted the factual allegations of the Complaint . . . except those factual allegations related to the amount of damages," *DirecTV*, 2006 WL 680533, at *1 (citations omitted), but "the Court need not accept the moving party's legal conclusions, because even after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," *Id.*; and

**WHEREAS**, courts evaluating a motion for default judgment must weigh (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default," *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)); and

**WHEREAS**, accepting the Complaint's factual allegations as true, Defendant's conduct satisfies the elements of (1) common law fraud, (2) breach of contract, (3) unjust enrichment, (4) misappropriation, and (5) Consumer Fraud; and

**WHEREAS**, Defendant fails to offer any defense, let alone "allegations . . . [which] if established on trial, would constitute a complete defense to the action," as required to mount a meritorious defense, *United States v. $55,518,05 in Currency*, 728 F.2d 192, 195 (3d Cir. 1984); and

**WHEREAS**, accordingly, Defendant's failure to raise a meritorious defense weighs in

favor of granting default judgment; and

**WHEREAS**, Plaintiff has plainly been prejudiced by Defendant's failure to respond to Plaintiff's claims because having been "prevented from prosecuting [his] case, engaging in discovery, and seeking relief in the normal fashion," Plaintiff will have "no other means of seeking damages for the harm caused by Defendant" without the Court's granting a default judgment, *United States v. Thompson*, No. 16-0857, 2017 WL 3634096, at *1 (D.N.J. July 20, 2017) (internal citations omitted), *see also Barrett v. Tri-Coast Pharm.,* 518 F. Supp. 3d 810, 829–30 ("Prejudice occurs when 'a plaintiff has no other means to vindicate rights and recover damages.'"); and

**WHEREAS**, accordingly, the prejudice suffered by the party seeking default weighs in favor of granting default judgment; and

**WHEREAS**, Defendant is clearly culpable for his failure to respond because "[a]bsent any evidence to the contrary, 'the Defendant's failure to answer evinces the Defendant's culpability in the default,'" *Thompson,* 2017 WL 3634096, at *2, and the Court here has no evidence to the contrary; and

**WHEREAS**, accordingly, Defendant's culpability weighs in favor of granting default judgment; and

**WHEREAS**, these factors all weighing in favor of default judgment, this Court finds default judgment to be appropriate in this case; and

**WHEREAS**, if the Court finds default judgment to be proper, the Court must then determine a proper award of damages; and

**WHEREAS**, Rule 55(b)(1) empowers a Court to enter a judgment for damages if Plaintiff's claim is for a "sum certain or for a sum which by computation can be made certain . . . upon request of the plaintiff and upon affidavit of the amount due . . . . " FED. R. CIV. PRO. 55(b)(1);

and

**WHEREAS**, the Court need not accept Plaintiff's allegations as to damages as true under Rule 55(b), *DirecTV*, 2006 WL 680533, at *1 (internal citations omitted); and

**WHEREAS**, the Court may order or permit a plaintiff seeking default judgment to provide additional evidence in support of its allegations if the Court finds evidentiary support to be lacking, *Thompson*, 2017 WL 3634096, at *1; and

**WHEREAS**, Plaintiff has not provided any supporting documentation to establish that damages are for a "sum certain" and has similarly not provided any affidavit as to the amount due and solely relies upon the allegations of the Complaint, which is not verified; and

**WHEREAS**, the Court accordingly cannot determine damages with any certainty due to the insufficiency of proofs; and therefore

**IT IS HEREBY** on this _10th_ day of _July_, 2023,

**ORDERED** that Plaintiff's Motion for Entry of Default Judgment (ECF No. 6) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's request for damages is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days to file appropriate documentation to support his claim for damages along with a supplemental brief, not to exceed fifteen (15) pages.

_____
**CHRISTINE P. O'HEARN**
**United States District Judge**